# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER FLORES,<br><br>       Plaintiff,<br><br>   v.<br><br>LELAND DUDEK,<br>Acting Commissioner of Social Security[1],<br><br>       Defendant. | Case No. 1:24-cv-01377-SKO<br><br>ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(Doc. 1) |

## I.   INTRODUCTION

Plaintiff Jennifer Flores ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her applications for disability insurance benefits ("DIB") and Supplemental Security Income (SSI) under the Social Security Act (the "Act"). (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[2]

---

[1] On February 19, 2025, Leland Dudek was appointed the Acting Commissioner of the Social Security Administration. *See* https://blog.ssa.gov/statement-from-acting-commissioner-dudek/ (last visited by the Court on February 24, 2025). He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (*See* Doc. 10.)

## II.     FACTUAL BACKGROUND

On July 13, 2021, Plaintiff protectively applied for DIB and SSI payments, alleging she became disabled on October 10, 2015, due to schizoaffective disorder depressive type. (Administrative Record ("AR") 17, 61, 81, 103, 123, 287, 324.) Plaintiff was born in 1985 and was 29 years old on the alleged disability onset date. (AR 31, 60, 80, 102, 122, 287, 324, 387.) Plaintiff has a high school education, and previously worked as a receptionist. (AR 31, 43, 280, 292, 313.)

### A.     Plaintiff's Statement

In September 2021, Plaintiff completed an adult function report. (AR 305–12.) She reported that her condition affects her sleeping patterns, and she feels drowsy to drive "most of the time." (AR 306, 308.) She stated that she does not go out, and that her condition affects her understanding and ability to follow directions. (AR 310, 312.)

### B.     Administrative Proceedings

The Commissioner denied Plaintiff's application for benefits initially on October 5, 2021, and again on reconsideration on December 28, 2021. (AR 17, 145–50, 153–64.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 171–91.) At a hearing on January 24, 2024, Plaintiff appeared with counsel via video and testified before an ALJ as to her alleged disabling conditions. (AR 48–71.) A Vocational Expert ("VE") also testified at the hearing. (AR 55–58.)

#### 1.     Plaintiff's Testimony

Plaintiff testified that she stopped working in 2013 because of mental impairments and was experiencing auditory and visual hallucinations. (AR 45–46.) She testified that medications initially helped but she stopped taking them in 2023 because of the side effects of nausea and pain, including back pain. (AR 46–47.)

Plaintiff lives with her boyfriend and a dog. (AR 50–51.) She testified that although she has a license, she does not drive because her hands get "jittery." (AR 51.) Plaintiff testified she uses an electric bike, and she can wash dishes, do laundry, and prepare meals, but her boyfriend helps her when she cannot. (AR 52-53.) Plaintiff testified that she sleeps a lot and at times is

unable to get out of bed. (AR 52–53.) She orders groceries online or goes shopping in the evening with her boyfriend. (AR 53.)

### 2. Vocational Expert's Testimony

The VE testified at the hearing that Plaintiff had past work as a receptionist. (AR 56–57.) The ALJ asked the VE to consider a person of Plaintiff's age, education, and past work history. (AR 57.) The VE was also to assume this person can perform a full range of work at all exertional levels but that they are only able to understand and remember simple instructions, make simple, work-related decisions, and carry out simple instructions. (AR 57.) Such person could not perform work which requires a specific production rate such as assembly line work or hourly quota work but can occasionally deal with changes in routine work setting and can occasionally interact with supervisors, coworkers and the general public. (AR 57.) The VE testified that such a person could not perform Plaintiff's past work, but could perform other, medium exertional jobs in the national economy, such as night cleaner, Dictionary of Operational Titles (DOT) code 358.687 010 with a specific vocational preparation (SVP)[3] of 2; laboratory equipment cleaner, DOT code 381.687 022 with an SVP of 2; and counter supply worker, DOT code 319.687-010 with an SVP of 2. (AR 57.) With the additional limitations in a second hypothetical that the first hypothetical person would be off task 25% of the workday and would be absent from work four or more days per month, the VE testified that no work would be available. (AR 58.) The VE further testified that being off task more than 16% of the workday and missing work one day per month. is work preclusive. (AR 58.)

### C. The ALJ's Decision

In decision dated February 21, 2024, the ALJ concluded that Plaintiff was not disabled. (AR 17–33.) The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 19–32.) The ALJ decided that Plaintiff met the insured status requirements of the Act through September 30, 2018, and had not engaged in substantial gainful

---

[3] Specific vocational preparation, as defined in DOT, App. C, is the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation. DOT, Appendix C – Components of the Definition Trailer, 1991 WL 688702 (1991). Jobs in the DOT are assigned SVP levels ranging from 1 (the lowest level – "short demonstration only") to 9 (the highest level – over 10 years of preparation). *Id*.

3

activity since October 10, 2015, the alleged onset date (step one). (AR 19.) At step two, the ALJ found Plaintiff's following impairments to be severe: schizoaffective disorder and major depressive disorder. (AR 19–20.) Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 20–22.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[4] and applied the assessment at steps four and five. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that Plaintiff had the RFC:

> to perform a full range of work at all exertional levels but with the following nonexertional limitations. She is able to understand and remember simple instructions, make simple work-related decisions, carry-out simple instructions, cannot perform work which requires a specific production rate, such as assembly line work or hourly quota work, can occasionally deal with changes in a routine work setting and can occasionally interact with supervisors, coworkers and/or the general public.

(AR 22–31.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" the ALJ rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record." (AR 23.)

The ALJ determined that Plaintiff could not perform her past relevant work (step four) but that, given her RFC, she could perform a significant number of jobs in the local and national economies, specifically night cleaner, laboratory equipment cleaner, and counter supply worker (step five). (AR 31–32.) The ALJ concluded that Plaintiff was not disabled at any time from the alleged onset date through the date of the decision. (AR 32.)

---

[4] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours per day, for 5 days per week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id.* "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

Plaintiff sought review of this decision before the Appeals Council, which denied review on September 13, 2024. (AR 1–6.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481.

### III. LEGAL STANDARD

**A. Applicable Law**

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they] are not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920. The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider

subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B. Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is

harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). "An error is harmless only if it is 'inconsequential to the ultimate nondisability determination.'" *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV.   DISCUSSION

Plaintiff contends that the ALJ erred in applying Social Security Ruling ("SSR") 18-3p to her case and failed to articulate clear and convincing reasons for discounting her allegations of "severe and disabling psychotic symptomology." (Doc. 14 at 17–32. *See also* Doc. 18 at 2–6.) Defendant responds that SSR 18-3p is not applicable in this case, and the ALJ properly relied on evidence in the record that undermined the credibility of Plaintiff's allegations of disabling symptoms and limitations. (Doc. 17 at 2–7.) The Court finds no harmful error with the application of SSR 18-3p, but agrees with Plaintiff that the ALJ improperly discredited her subjective symptom statements and will remand for further proceedings on that basis.

### A.   Any Error in the ALJ's Application of SSR 18-3p is Harmless

In the decision, the ALJ considered Plaintiff's failure to follow prescribed treatment pursuant to Social Security Ruling ("SSR") 18-3p. (AR 28–29.) SSR 18-3p provides that "an individual who meets the requirements to receive disability or blindness benefits will not be entitled to these benefits if the individual fails, without good cause, to follow prescribed treatment that we expect would restore his or her ability to engage in substantial gainful activity." Soc. Sec. Ruling, SSR 18-3p; TITLES II & XVI: FAILURE TO FOLLOW PRESCRIBED TREATMENT, SSR 18-3P, 2018 WL 4945641, at *1 (S.S.A. Oct. 2, 2018).

Plaintiff contends that "[t]he ALJ's determination that [Plaintiff] was not disabled because she had not met her burden to establish 'good cause' for failing to follow prescribed treatment per SSR 18-3p is harmfully erroneous." (Doc. 18 at 2.) But, contrary to Plaintiff's contention, the ALJ did not base their finding of nondisability on Plaintiff's noncompliance with treatment in

accordance with SSR 18-3p.[5]  Instead, the ALJ determined, at step five, that Plaintiff was not disabled because, given her RFC, there are jobs that exist in significant numbers in the national economy that she can perform.  (*See* AR 31–32.)  Therefore, because the ALJ's application of SSR 18-3p was "inconsequential to the ultimate nondisability determination," any error is harmless.  *Lambert*, 980 F.3d at 1278.

### B. The ALJ Did Not Articulate Specific, Clear and Convincing Reasons for Discounting Plaintiff's Subjective Complaints

#### 1. Legal Standard

In evaluating the credibility of a claimant's testimony regarding subjective complaints, an ALJ must engage in a two-step analysis.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged.  *Id*.  The claimant is not required to show that their impairment "could reasonably be expected to cause the severity of the symptom [they have] alleged; [they] need only show that it could reasonably have caused some degree of the symptom."  *Id*. (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).  If the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if they give "specific, clear and convincing reasons" for the rejection.[6]  *Id*.

The clear and convincing standard is "not an easy requirement to meet," as it is "'the most demanding required in Social Security cases.'"  *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir.

---

[5] In fact, because the ALJ did not make an initial finding that Plaintiff was entitled to disability benefits, it does not appear that the ALJ should have applied SSR 18-3p to Plaintiff's disability claims.  *See* SSR 18-3p, 2018 WL 4945641, at *3 ("We only perform the failure to follow prescribed treatment analysis discussed in this SSR after we find that an individual is entitled to disability or eligible for statutory blindness benefits under title II or XVI of the Act, regardless of whether the individual followed the prescribed treatment.").  *See also Nacole S. v. Comm'r, Soc. Sec. Admin*., No. 6:20-CV-1797-MO, 2024 WL 247242, at *4 (D. Or. Jan. 23, 2024) ("SSR 18-3p only applies to individuals that have already been deemed disabled."); *Mark K. v. Saul*, No. 21-CV-00208-SK, 2022 WL 4596626, at *7 (N.D. Cal. July 27, 2022) ("[SSR 18-3p] does not apply because the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526) and Plaintiff was ultimately not entitled to disability benefits."); *Cluff v. Comm'r of Soc. Sec. Admin*., No. CV-21-00789-PHX-DLR, 2022 WL 2951731, at *3 (D. Ariz. July 26, 2022) ("SSR 18-3p only applies to individuals that have already been deemed disabled."); *Jason B. v. Saul*, No. 1:19-CV-03195-JTR, 2020 WL 13924501, at *7 (E.D. Wash. Aug. 11, 2020) ("[SSR 18-3p] only applies to a finding that a claimant is not eligible for benefits based on only being disabled because of a failure to follow treatment that is expected to restore their ability to work.").

[6] The Court rejects Defendant's contention that a lesser legal standard applies.  (*See* Doc. 17 at 2 n.2.)

2014) (quoting *Moore v. Comm'r of Social Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). General findings are not enough to satisfy this standard; the ALJ "'must identify what testimony is not credible and what evidence undermines the claimant's complaints.'" *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

**2.    Analysis**

As noted above, in determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR 23.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not entirely consistent" with the medical record. (AR 23.) Since the ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," the only remaining issue is whether the ALJ provided "specific, clear and convincing reasons" for Plaintiff's adverse credibility finding. *See Vasquez*, 572 F.3d at 591.

It appears that the sole reason for rejecting Plaintiff's allegations of mental impairment symptomology was that her "testimony and statement" were "not consistent with and not supported by the objective clinical and diagnostic findings." (AR 31; *see also* AR 23 (Plaintiff's "statements about the intensity, persistence, and limiting effects of his or her symptoms" are "inconsistent because the treatment record supports limitations but not to the degree alleged."); AR 31 ("Treatment notes in the record do not sustain [Plaintiff's] allegations of disabling mental impairments.").) But "subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Moreover, while medical evidence can still be a factor that the ALJ can consider in the credibility analysis, *Burch*, 400 F.3d at 681, it is not sufficient for the ALJ to, as here, simply state that the testimony is inconsistent with the record. *See Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) ("[G]eneral findings are an insufficient basis to support an adverse credibility determination"). Rather, an ALJ must "specifically identify what testimony is credible and what evidence undermines the claimant's complaints." *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006); *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (an

9

ALJ must identify "what evidence suggests the complaints are not credible"). This the ALJ did not do.

As such, the Court is unable to find the ALJ met the burden to identify what evidence in the record that conflicts with which of Plaintiff's statements concerning the severity of her mental symptomology. Purported, unspecified inconsistency between Plaintiff's "testimony and statement" and the "objective clinical and diagnostic findings," the "treatment record," and "treatment notes" is not a clear and convincing reason to support the ALJ's decision.

Defendant asserts that "[e]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability" and "[a]n ALJ may discount a claimant's statements when they conflict with her activities" (Doc. 17 at 3–4). While these may be correct statements of the law, the Court cannot conclude, given the ALJ's lack of specificity, that the ALJ based their credibility analysis of Plaintiff in this case on any alleged improvement with treatment or level of activity. Instead, the Court's review is limited to the rationale articulated in the ALJ's decision, and it cannot consider post-hoc rationalizations and inferences advanced by Defendant to justify the ALJ's rejection of Plaintiff's complaints. *See Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [the court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (noting that a reviewing court "is constrained to review the reasons the ALJ asserts"); *Ceguerra v. Sec'y of Health & Human Servs.*, 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency.").

In sum, the Court finds that the ALJ failed to meet the burden to identify clear and convincing reasons supporting the adverse credibility determination, which were "sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Accordingly, the Court cannot conclude that the ALJ's decision is supported by substantial evidence in the record.

Such error is not harmless. Had the ALJ credited Plaintiff's statements related to her mental impairment symptomology and assessed a more restrictive RFC, the disability determination may have been different. (*See, e.g*., AR 58 (VE testimony that being off task 25% of the workday and missing four or more days of work per month is work preclusive.).) Thus, the error was not "inconsequential to the ultimate nondisability determination." *Lambert*, 980 F.3d at 1278.

**C.    Remand for Further Proceedings**

The decision whether to remand a matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Except in rare instances, when a court reverses an agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa*, 367 F.3d at 886 (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)).

Here, the ALJ failed to identify legally sufficient reasons to reject Plaintiff's subjective statements, which impacted the RFC determination. The Court finds that, contrary to Plaintiff's contention (*see* Doc. 14 at 32), a remand for further proceedings, and not the immediate payment of benefits, is the appropriate remedy for the consideration of the subjective statements of a claimant. *See, e.g., Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991) (affirming a remand for further proceedings where the ALJ failed to explain with sufficient specificity the basis for rejecting the claimant's testimony); *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995) (remanding the case "for further proceedings evaluating the credibility of [the claimant's] subjective complaints . . ."). Thus, the Court shall remand for further proceedings to properly assess Plaintiff's subjective symptom statements.

## V.    CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, VACATED and the case REMANDED to the ALJ for further proceedings consistent with this Order. The Clerk of Court is DIRECTED to enter judgment in favor of Plaintiff Jennifer Flores and against Defendant Leland Dudek, Acting

11

Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **April 21, 2025**                                    /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE